# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SAUNDRA THEREESE SABRIN VALDEZ, | } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.:  5:18-cv-01898-ACA |
| ANDREW SAUL, Commissioner of Social Security, | } } } } | |
| Defendant. | } } | |

## MEMORANDUM OPINION

Plaintiff Saundra Thereese Sabrin Valdez, proceeding *pro se*, appeals the decision of the Commissioner of Social Security denying her claims for widow's disability insurance benefits and supplemental security income.  Based on the court's review of the administrative record and the parties' submissions, the court **WILL AFFIRM** the Commissioner's decision.

## I.  PROCEDURAL HISTORY

Ms. Valdez applied for widow's disability insurance benefits and supplemental security income on December 22, 2015.  (R. 106, 123, 196–205).  Ms. Valdez alleges that her disability began on March 1, 2015.  (R. 196).  The Commissioner initially denied Ms. Valdez's claim on April 29, 2016.  (R. 143–147).  Ms. Valdez requested a

hearing before an Administrative Law Judge (ALJ).  (R. 126–127).  After holding a hearing, the ALJ issued an unfavorable decision on January 10, 2018.  (R. 29–38).  On April 14, 2017, the Appeals Council granted Ms. Valdez's request for review.  (R. 7).  The Appeals Council issued a decision on August 21, 2018, modifying in part the ALJ's findings but concluding that Ms. Valdez was not disabled through the date of the ALJ's decision.  (R. 4–10).  The Appeals Council then granted Ms. Valdez an extension of time to file a civil action in this court through November 16, 2018, the date Ms. Valdez filed her appeal.  (R. 2; Doc. 1).  Therefore, the case is now ripe for review.  42 U.S.C. §§ 405(g), 1348(c)(3).

## II.    STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citation omitted).  "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178).  The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ.  *Winschel*, 631 F.3d at 1178 (internal quotations and citation omitted).  The court must affirm "[e]ven if the evidence preponderates against

the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam) (internal quotation marks and citation omitted).

Despite the deferential standard for review of claims, the court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986)). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III. COMMISSIONER'S DECISION

Where, as here, the Appeals Council grants review, the Appeals Council's decision is the Commissioner's final decision for purposes of this court's review. *See* 20 C.F.R. §§ 404.900(a)(4)-(5), 404.981, 422.210.

To determine whether an individual is disabled, the Commissioner follows a five-step sequential evaluation process. The Commissioner considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the Appeals Council determined that Ms. Valdez has not engaged in substantial gainful activity since March 1, 2015, the alleged onset date. (R. 9). The Appeals Council found that Ms. Valdez has the following severe impairments: degenerative disc disease, affective disorder, and anxiety. (*Id.*). The Appeals Council then concluded that Ms. Valdez does not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*).

The Appeals Council determined that Ms. Valdez has the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) except claimant is also limited to frequently performing postural activities, but is unable to climb ladders, ropes, or scaffolds. Claimant should have no exposure to moving, unguarded machinery and unprotected heights. Claimant is limited to short 1 to 3 step instructions and 1 to 3 step tasks. Claimant is further limited to occasional interaction with the public, coworkers, and supervisors, and can adapt to infrequent and well-explained changes.

(R. 9–10). Based on this RFC, the Appeals Council found that there are a significant number of jobs in the national economy that Ms. Valdez can perform, including housekeeper, assembler, and laundry worker. (R. 10). Accordingly, the Appeals Council determined that Ms. Valdez has not been under a disability as defined in the Social Security Act through the date of the ALJ's decision (January 10, 2018). (*Id.*).

IV. **DISCUSSION**

Throughout the administrative process, Ms. Valdez was represented by counsel, but she filed this appeal *pro se*. Briefs are not required from *pro se* parties in social security appeal cases. (Doc. 13 at 1, stating that "[u]nless the plaintiff is proceeding

without counsel, initial briefs are required of all parties"). Ms. Valdez did not file a

brief in support of her appeal, but she did file a letter and additional medical evidence.

(Doc. 7; Doc. 17).[1] The court addresses each submission in turn.

Ms. Valdez's letter states, in relevant part:

> I am writing you to let you know of my hardships from being discontinued from my late husband's Disability Supplement Check. I have become homeless and I am depending on my children for temporary relief from weather. This is not a permanent solution due to reasons out of my control. I have been bi-polar for most of my adult life. I sought help last year and was placed back on medicine. In the last year I have been diagnosed with severe back and neck injuries caused from a fall suffered in 2006. It resulted in migraine headaches, shaking of the hands, and excruciating pain – hindering my ability to work.

> I would like the court to see that I have tried to seek help on a regular basis for [m]edical and [m]ental treatment, but I am unable to get the help I need. It is hard to keep up with my health and needs without the stability of a residence.

> Assistance in this matter would help me to get off the streets and to seek the help I so desperately need. This will allow me to give back to society instead of hiding from it and to give me my self-worth and confidence back.

(Doc. 7).

---

[1] Typically, social security claimants waive issues or arguments not briefed or accompanied by citations to authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."). However, the court finds that this general rule does not apply here because the court does not require *pro se* litigants in social security appeal cases to file briefs.

Ms. Valdez's letter does not specifically challenge any portion of the Commissioner's decision nor does it refer to evidence in the record. (R. 7). Rather, Ms. Valdez submits, in a conclusory fashion, that her impairments have interfered with her ability to work. (*Id.*). The court is not unsympathetic to Ms. Valdez's situation. However, having carefully reviewed the entire record, the court finds that the Commissioner's decision is supported by substantial evidence.

With respect to her mental impairments, the Appeals Council adopted the ALJ's conclusion that although Ms. Valdez suffers from affective disorder and anxiety, she has "moderate limitations understanding, remembering, or applying information; moderate limitations interacting with others; moderate limitations concentrating, persisting, or maintaining pace; and no limitations adapting or managing [her]self." (R. 8). Therefore, in its RFC, the Appeals Council limited Ms. Valdez to work that involves short 1 to 3 step instructions and 1 to 3 step tasks; occasional interaction with the public, supervisors, and co-workers; and infrequent, well-explained changes. (R. 9–10). This determination is consistent with the medical evidence, particularly an October 7, 2009 mental disorders evaluation from Dr. Ed Jesalva and an April 19, 2016 consultative examination report from Dr. Michelle Gaines. (*See* R. 327–330; 388–392).

Regarding physical limitations, the Appeals Council limited Ms. Valdez to frequent (as opposed to constant) postural activities and determined that Ms. Valdez cannot climb ladders, ropes, or scaffolds or be exposed to moving, unguarded

machinery and unprotected heights. The record does not support greater functional limitations.

A November 2008 x-ray of Ms. Valdez's lumbar spine showed only mild degenerative facet hypertrophic changes at L4-5 and L5-S1, and a thoracic spine x-ray was normal. (R. 312–313). In May 2016, Ms. Valdez reported to the emergency room for back pain she experienced after a fall. (R. 399). Lumbar spine x-rays at that time revealed no significant abnormalities. (R. 408). Dr. John Lary performed a consultative examination in April 2016. (R. 377–380). Despite unremarkable physical examination findings (*see* R. 379), Dr. Lary found that Ms. Valdez's "ability to sit, stand, walk, lift, carry, bend, squat, and kneel may be somewhat impaired by [her] chronic spine pain complaint" (R. 380). Accordingly, the Commissioner's decision to limit Ms. Valdez to a range of light work is consistent with the objective medical evidence and Dr. Lary's report.

The additional medical evidence that Ms. Valdez submitted to the court does not assist Ms. Valdez's appeal.

"Sentence six of [42 U.S.C. § 405(g)] provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To be entitled to sentence six remand, a claimant must show that "(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so there is a reasonable possibility that it would change the

7

administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (quotation marks omitted).

Ms. Valdez presented for the first time in this court two sets of evidence. The first is a May 14, 2019 letter from Daniel Unger, QMHP, in which he opined that Ms. Valdez's "mental health condition severely limits/impacts her ability to work due to the potential of work related stress causing potential relapse with her mental health condition." (Doc. 17 at 2). The second piece of evidence is an opinion from Dr. Sadia Rahman, dated April 15, 2019, that Ms. Valdez's mental health conditions render her unable to work. (Doc. 17 at 3–4). This evidence is new and noncumulative, and good cause exists for Ms. Valdez's failure to submit this evidence during the administrative process because the evidence post-dates the Commissioner's final decision. Nevertheless, the court finds that the evidence would not change the administrative result because it is not chronologically relevant.

The court reviews the Commissioner's decision "as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999). Mr. Unger's and Dr. Rahman's opinions are dated more than a year after the ALJ's opinion. (*See* R. 10; Doc. 17 at 2–5). Medical opinions that post-date the ALJ's decision may relate to the period at issue if they pertain to conditions that pre-

existed the ALJ's opinion.  *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d at 1322–23 (citing *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983)).

In *Washington*, a consultative examiner provided an opinion regarding a claimant's mental condition.  Although the opinion post-dated the ALJ's decision, the Eleventh Circuit found that the opinion was chronologically relevant because the examiner indicated in his report that he based his opinion on the claimant's reports that "he had experienced hallucinations throughout this life" and on the state of the claimant's cognitive abilities before the ALJ issued a decision.  *Washington*, 806 F.3d at 1322.   In addition, the consultative examiner reviewed the claimant's "mental health treatment records from the period before the ALJ's decision reflecting that [the claimant] repeatedly reported experiencing auditory and visual hallucinations." *Washington*, 806 F.3d at 1322.

Mr. Unger's and Dr. Rahman's opinions are unlike the consultative examiner's report in *Washington*.  Neither opinion suggests that the providers relied on reports that Ms. Valdez experienced disabling symptoms during the relevant time period or that they reviewed treatment records from before the ALJ's decision that speak to Ms. Valdez's mental conditions.  (*See* Doc. 17 at 2–5).  In addition, neither report contains objective medical findings or other evidence that undermines the Commissioner's decision that Ms. Valdez was not disabled as of January 10, 2018.    (*See id.*). Therefore, Ms. Valdez has not shown that remand is appropriate because there is no

reasonable possibility that Ms. Valdez's new evidence would change the administrative result.

## V.    CONCLUSION

The court concludes that the Commissioner's decision is supported by substantial evidence, and the Commissioner applied proper legal standards in reaching the determination.    Therefore, the court **WILL AFFIRM** the Commissioner's final decision.    The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 30, 2019.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE